UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | SACV 08-0998-CJC (MLGx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Hilda Solis, Secretary of Labor, v. Best Miracle Corp., et al., | | |

| Present: The Honorable | Marc L. Goldman, Magistrate Judge | |
|---|---|---|
| Terri Steele | | CS 11/03/09 |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Boris Orlov | | Boris Sorsher |

**Proceedings:**  (In Court) Order Granting Plaintiff's Motion for Protective Order and Denying Defendants' Motion for Sanctions

This discovery dispute arises out of a Complaint filed by the Secretary of Labor alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*, by failing to pay their employees minimum wage, failing to pay overtime for work in excess of 40 hours per week and failing to maintain accurate records of hours worked. During the time period of the alleged FLSA violations, Defendants owned and operated a garment shop in Santa Ana, California.

In June, 2009, Defendants filed a motion to compel Plaintiff to disclose the identities and produce the statements of former employees who had cooperated with the Department of Labor's investigation of Defendants's employment practices. On July 28, 2009, the Court denied the motion to compel disclosure of the names of cooperating employees, finding that the names were protected by the informant's privilege during the early stages of discovery and because the Defendants' need for the information did not outweigh the public interest in preventing disclosure.[1] However, the Court ordered Plaintiff to disclose the names of employee-witnesses on or before the discovery cut-off date of October 7, 2009[2], unless Plaintiff could demonstrate that the informants had an objectively reasonable fear of retaliation sufficient to overcome Defendants' minimal need for the information.

On October 7, 2009, Plaintiff filed a motion for protective order to prevent disclosure of employee-informants and prevent inquiry into informer status during the deposition of any former employee. On October 19, 2009, Defendants filed an ex parte application to sanction Plaintiff for failing to comply with the Court's July 28, 2009 order requiring that Plaintiff's witness list be disclosed no later than October 7, 2009. The Court denied the ex parte application on October 21, 2009, finding that Defendants had not

---

[1] The Court denied Defendants' motion to compel the statements of its former employees to DOL investigators pursuant to the attorney work product doctrine. The statements are still protected from disclosure and are not relevant to the two motions currently pending before the Court.

[2] The Court notes that the discovery cut-off date has now been moved to November 13, 2009.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0998-CJC (MLGx) | Date | November 3, 2009 |
|---|---|---|---|

| Title | Hilda Solis, Secretary of Labor, v. Best Miracle Corp., et al., | | |
|---|---|---|---|

shown entitlement to ex parte relief and that the issue of sanctions should be resolved at the hearing on Plaintiff's motion for protective order. A hearing on both motions was held on November 3, 2009.

For the reasons stated on the record at the hearing and discussed in greater detail below, the Court finds that Plaintiff has demonstrated an objectively reasonable fear of reprisal against former employees, sufficient to overcome Defendants' need for the information. Accordingly, Plaintiff's motion for protective order is GRANTED and Defendants' motion for sanctions is DENIED.

**I.     Informant's Privilege**

As discussed in the Court's July 28, 2009 order, the identities of the government's cooperating witnesses in this FLSA enforcement action are protected by the informant's privilege. *See Roviaro v. United States*, 353 U.S. 53, 60 (1957); *Wirtz v. Continental Finance & Loan Co. of West End*, 326 F.2d 561, 563 (5th Cir. 1964); *see also, Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072-73 (9th Cir. 2000). However, the privilege is not absolute, and courts faced with an assertion of the privilege must balance "the public's interest in efficient enforcement of the FLSA, the informant's right to be protected against possible retaliation, and the employer's need to prepare for trial." *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 305 (5th Cir. 1972); *Brennan v. Engineered Prods., Inc.*, 506 F.2d 299, 302-03 (8th Cir. 1974).

As trial draws near, the balance shifts toward disclosure and the government must make a particularized factual showing regarding a danger of retaliation in order for continued validity of the privilege. *See Chau v. Brumfield Construction Co.*, 2008 WL 1928984, *3 (W.D. Wash. Apr. 28, 2008) (ordering Secretary to disclose a list of testifying witnesses on or before the discovery cut-off date unless she could demonstrate the informers's objectively reasonable fear of retaliation); *Dole v. Int'l Ass'n Managers, Inc.*, 1991 WL 270194, *6 (D. Ariz. Apr. 2, 1991) (granting protective order prohibiting defendants from inquiring into informer status at depositions). A party can overcome the privilege by showing that the need for the information is "essential to a balanced measure of the issues and the fair administration of justice." *Dole v. Local 1942, IBEW*, 870 F.2d 368, 372 (7th Cir. 1989). The cost of deposing a long list of potential witnesses is not sufficient to overcome the privilege. *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 283-84 (5th Cir. 1987); *Chao v. Sec. Credit Sys., Inc.*, 2009 WL 1748716, *4 (W.D.N.Y. June 19, 2009) (finding privilege not overcome where complaint listed 116 employees potentially affected by defendant's alleged FLSA violations).

Here, the balance weighs in favor of allowing Plaintiff to maintain the secrecy of the names of her informants because Plaintiff has demonstrated that her informants have an objectively reasonable fear of retaliation if their names are revealed and because Defendants have not demonstrated sufficient need for the information.

In support of her request for a protective order, Plaintiff submitted declarations demonstrating that the garment worker industry in southern California is small and garment contractors and manufacturers exchange information amongst themselves. (Pl.'s Mot. for Protective Order, Exh. A.) Moreover, garment workers possess "specialized sewing and assembly skills that are only transferable to other jobs in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0998-CJC (MLGx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Hilda Solis, Secretary of Labor, v. Best Miracle Corp., et al., | | |

garment industry." (*Id*.) Thus, the potential for retaliation against garment workers who cooperated with the DOL in this case is great. Moreover, after *in camera* review of Plaintiff's sealed declarations, including declarations from former employees, the Court concludes that Plaintiff has met her burden to demonstrate that the informers have an objectively reasonable fear of retaliation.

In contrast to Plaintiff's particularized factual showing, Defendants have failed to demonstrate that knowing the *identity* of the informers in this case is essential. The ultimate issue in this case is whether Defendants paid their employees a legal wage and whether they maintained adequate records. Defendants obviously have knowledge of how much they paid their employees during the relevant period as well as what records they maintained. The fact that one or more of Defendants' former employees may have spoken with DOL investigators does not go to the merits of their defense.

Further, Plaintiff has provided Defendants with a list of 49 potential witnesses, most of whom were Defendants' employees during the time of the alleged FLSA violations. As Defendants repeatedly point out, 21 of the employees on that list have submitted declarations stating they are not owed back wages. (Def.'s Opp'n at 2, 3, 10, 11.) As a matter of common sense, it is unlikely that those 21 former employees, who support Defendants's position that no FLSA wage violation occurred, will be called to testify in support of Plaintiff's case. The list of Plaintiff's potential witnesses is therefore no more than 28. Defendants are free to depose any of those 28 employees whom they believe has information relevant to their defense. The cost of deposing witnesses who may not be called at trial is not a substantial need that requires disclosure of the government's informants. *See e.g., On Shore Quality Control Specialists, Inc.*, 811 F.2d at 283-84; *Sec. Credit Sys.*, 2009 WL 1748716, *4; *see also, Engineered Prods., Inc.*, 506 F.2d at 302 & n.2 ("[D]iscovery is not ordinarily the proper stage in litigation to compel from an opponent the names of prospective witnesses."). While the identity of Plaintiff's informants may be helpful to Defendants in preparing their defense insofar as it helps narrow down the list of deponents, this is not sufficient to overcome the informant's privilege.

For these reasons, Plaintiff's motion for a protective order is GRANTED. Plaintiff is not required to disclose the names of her informants, and Defendants may not inquire into any deponent's cooperation with the DOL investigation or status as an informer.

**II.    Sanctions**

As described above, Plaintiff's assertion of the informant's privilege at this stage of discovery continues to be valid. Nonetheless, Defendants ask the court to impose sanctions, arguing Plaintiff has violated this Court's July 28, 2009 order by failing to provide a list of Defendants' former employees who will testify at trial and contact information for each of them.

Two weeks after the Court issued the July order, Plaintiff provided a list of prospective employee-witnesses to Defendants. Plaintiff supplemented that list as she became aware of additional prospective witnesses. Plaintiff did not provide any contact information for the individuals named. Plaintiff's conduct was sufficient to comply with the Court's July order. Of note, the Court ordered Plaintiff to provide Defendants with contact information *or* arrange for the appearance of the witness at a deposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | SACV 08-0998-CJC (MLGx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Hilda Solis, Secretary of Labor, v. Best Miracle Corp., et al., | | |

Defendants only complain about the failure to provide contact information in support of their argument that Plaintiff has not complied with the Court's order. At the hearing, Defendants revealed that they have never asked Plaintiff to arrange for a deposition of any individual on the employee-witness list. Absent a request by Defendants and a corresponding refusal by Plaintiff to arrange for the deposition of a listed individual, the Court cannot conclude Plaintiff is in violation of the July order.

For the first time at the hearing, Defendants described difficulty contacting the individuals identified by Plaintiff. Although Defendants did not alert the Court to this difficulty in their pleadings, Defendants claim that they have been able to reach only seven out of the 49 potential witnesses. Defendants have scheduled only one of these seven potential witnesses for deposition. Defendants have had the list of potential witnesses since August but failed to request that Plaintiffs arrange for the deposition of any of the listed individuals. Defendants must bear the responsibility for this failure. Sanctions are not warranted.

For these reasons, and as discussed at length on the record at the hearing, the Court finds that Plaintiff is in compliance with the Court's July order, and the motion for sanctions is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0998-CJC (MLGx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Hilda Solis, Secretary of Labor, v. Best Miracle Corp., et al., | | |

|  | : | 35 |
|---|---|---|
| Initials of Clerk | ts | |