1 Lawrence Brewster
Regional Solicitor
2 Daniel J. Chasek
Associate Regional Solicitor
3 Susan Seletsky, Attorney
**Boris Orlov**, Attorney (CSBN 223532)
4 Office of the Solicitor (So l# 0818279)
United States Department of Labor
5 350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
6         Telephone: (213) 894-4983
         Facsimile:  (213) 894-2064
7 orlov.boris@dol.gov

8 Attorneys for the Plaintiff

9

10                    UNITED STATES DISTRICT COURT

11                             FOR THE

12                CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14 **HILDA L. SOLIS**,* | ) Case No. SACV08-00998 CJC(MLGx) |
| Secretary of Labor, | ) |
| United States Department of Labor, | ) |
| 15 | ) **PLAINTIFF'S MOTION IN** |
| Plaintiff, | ) **LIMINE (#2) TO PRECLUDE** |
| 16 | ) **DEFENDANTS FROM INQUIRING** |
| 17 v. | ) **ABOUT THE SOCIAL SECURITY** |
| | ) **NUMBERS OF NON-PARTY** |
| 18 **BEST MIRACLE CORPORATION,** | ) **EMPLOYEE WITNESSES** |
| A California corporation et al, | ) |
| 19 | ) |
| Defendants. | ) **The Honorable Cormac J. Carney** |
| 20 | ) |
| 21 | ) Pretrial Conference: February 8, 2010 |
| 22 | ) Time: 3:30 p.m. |
| | ) Courtroom: 9B |
| 23 | ) |
| 24 | ) Trial Date:  February 16, 2010 |
| 25 | ) |
| 26 | ) |

27 * Pursuant to Rule 25(d)(1) of the Federal Rules of Civil
Procedure, the caption of this action has been amended to
28 reflect the appointment of Secretary Solis.

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INQUIRING ABOUT THE SOCIAL
SECURITY NUMBERS OF NON-PARTY EMPLOYEE WITNESSES

1      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE**

2 **TAKE NOTICE** that Plaintiff Hilda L. Solis, Secretary of Labor, U.S. Department of

3 Labor ("Plaintiff" or the "Secretary") will present the following motion to the Court at

4 the U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701 in courtroom 9B at

5 3:30 pm on February 8, 2010.

6      This motion has been made following a conference of counsel pursuant to Local

7 Rule 7-3, which took place on December 22, 2009 and December 29, 2009.

8      The Secretary hereby moves in limine to preclude Defendants Best Miracle Cor-

9 poration, Thuy Thi Le, and Toan Van Nguyen (collectively, "Defendants") from inquir-

10 ing about, the Social Security numbers of non-party employee witnesses during trial.

11 This motion is made on the grounds that any perceived probative value from inquiring

12 into an employee's Social Security number is substantially outweighed by the danger of

13 unfair prejudice. See Fed. R. Evid. 403.

14    **I.**      **All Employees Enjoy the Rights and Protections Afforded by the FLSA.**

15      It is well-settled that all employees, regardless of immigration status, are protected

16 by the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938

17 (the "FLSA"). See, e.g., Patel v. Quality Inn South, 846 F.2d 700, 706 (11th Cir. 1988);

18 Singh v. Jutla & C.D. & R's Oil, Inc., 214 F. Supp. 2d 1056, 1058-59 (N.D. Cal. 2002);

19 In re Reyes, 814 F.2d 168, 170 (5th Cir. 1987); Flores v. Albertsons, Inc., 01-CV

20 00515(AHM), 2002 WL 1163623 at *5 (C.D.Cal. Apr. 9, 2002); Montoya v. S.C.C.P.

21 Painting Contractors, Inc., 530 F. Supp. 2d 746, 751 (D. Md. 2008).

22    **II.**     **Inquiry Into Social Security Numbers is a Roundabout Way of Inquiring**

23            **as to Employees' Immigration Status and Any Perceived Probative Value**

24            **Derived Therefrom is Substantially Outweighed by the Danger of Unfair**

25            **Prejudice.**

26      In the present matter, Defendants have stipulated that they will not inquire into the

27 immigration status of any non-party employee witnesses (or the immigration status of

28 employee witnesses' family members) at trial. (See Joint Stipulation ¶ 4, attached hereto

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INQUIRING ABOUT THE SOCIAL SECURITY NUMBERS OF NON-PARTY EMPLOYEE WITNESSES**

1    as Exhibit 1.)  The Secretary submits that Defendants should also be precluded from in-
2    quiring as to the Social Security numbers of any non-party employee witnesses at trial,
3    as such questioning would serve as a backdoor way to inquire as to witnesses' immigra-
4    tion status, and any probative value derived therefrom would be substantially out-
5    weighed by the danger of unfair prejudice to the Secretary.  <u>See</u> Fed. R. Evid. 403.

6         Courts have prohibited parties from inquiring as to witnesses' Social Security
7    numbers, as permitting such questioning would serve as a roundabout way of inquiring
8    as to witnesses' immigration status and would impliedly threaten employees from testi-
9    fying at trial.  For example, in <u>Flores v. Amigon</u>, 233 F. Supp. 2d 462 (E.D.N.Y. 2002),
10   the district court issued a protective order preventing defendant's discovery of employ-
11   ees' immigration documents, Social Security numbers, and passports in a suit seeking
12   unpaid wages under the FLSA.  The court held that such information was not relevant to
13   an FLSA claim for unpaid wages for work already performed, and the potential for
14   prejudice from disclosure far outweighed whatever minimal value the information might
15   have.  <u>Id.</u> at 464.  The court also noted that such disclosure would have an <u>in terrorem</u>
16   effect and would deter individuals from pursuing legitimate wage claims, thereby effec-
17   tively eliminating the FLSA as a means for protecting workers from exploitation and re-
18   taliation.  <u>Id</u>. at 464 n.2; <u>see also</u> <u>Galaviz-Zamora v. Brady Farms, Inc.</u>, 230 F.R.D. 499,
19   503 (W.D. Mich. 2005) (granting motion for protective order where defendant employer
20   sought discovery of, among other things, plaintiffs' immigration documents, Social Se-
21   curity cards, and visas).

22        The prejudicial nature of inquiries bearing on one's immigration status was co-
23   gently analyzed by the Ninth Circuit in <u>NIBCO Inc. v Rivera</u>, 364 F.3d 1057 (9th Cir.
24   2004), <u>cert. denied</u>, 544 U.S. 905 (2005).  <u>NIBCO</u> was an employment discrimination
25   case in which a magistrate judge entered a protective order precluding an employer from
26   using discovery to inquire into the plaintiff's immigration status.  The Ninth Circuit held
27   that such disclosures would severely chill employees' willingness to testify, because it
28   would allow employers to raise implicitly the threat of deportation and criminal prosecu-

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INQUIRING ABOUT THE SOCIAL SECURITY NUMBERS OF NON-PARTY EMPLOYEE WITNESSES**

1    tion every time a worker reported illegal practices.  Id. at 1065.  The Circuit held that in-

2    quiry into immigration matters unduly burdens employees and the public interest, and

3    outweighs the employer's interest in discovering such information.  Id. at 1066.  NIBCO

4    has direct application to the present matter because inquiry into employees' Social Secu-

5    rity numbers impliedly implicates one's immigration status, and would thereby have a

6    chilling effect on employees' willingness to testify.  Such unwillingness would in turn

7    severely prejudice the Secretary's ability to effectively enforce the FLSA and other fed-

8    eral labor laws.

9    **III.   The In Terrorem Effect of Questions Relating to Immigration Status, In-**

10   **cluding Questions Regarding Social Security Numbers, Bars Their Use In**

11   **Testing a Witness' Credibility.**

12          Moreover, because questions implicating immigration status are so highly charged

13   and potentially intimidating to employees, courts have consistently refused to allow in-

14   quiry into immigration status for purposes of testing a witness' credibility.  In Galaviz-

15   Zamora, supra, 230 F.R.D. at 502, the court granted a protective order precluding an

16   employer from using certain discovery – including inquiry as to employees' Social Secu-

17   rity numbers – to test a witness' credibility.  The court noted that "[w]hile a witness'

18   credibility is arguably always at issue, such does not mean that unlimited exploration on

19   the subject is permitted." (Emphasis in original.)  Indeed, a witness' credibility may be

20   tested in a variety of ways without imposing an undue burden on that party.  See, e.g.,

21   Avila-Blum v. Casa De Cambio Delgado, Inc., 236 F.R.D. 190, 193 (S.D.N.Y. 2006)

22   (highlighting other methods, not implicating immigration status, that employer could use

23   to test witness credibility); E.E.O.C. v. Bice of Chicago, 229 F.R.D. 581, 583 (N.D. Ill.

24   2005) (same). Therefore, such inquiry in this case will have an in terrorem effect on non

25   party employee witness in violation of the precedent discussed above.

26   **IV.   Conclusion.**

27          For the foregoing reasons, the Secretary requests that the Court grant her motion

28   in limine to preclude Defendants from inquiring about the Social Security numbers of

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INQUIRING ABOUT THE SOCIAL SECURITY NUMBERS OF NON-PARTY EMPLOYEE WITNESSES**

1 │ non-party employee witnesses at trial.

2

3 │ Dated: January 8, 2010                    DEBORAH GREENFIELD,
                                              Acting Deputy Solicitor
4

5 │                                           LAWRENCE BREWSTER,
                                              Regional Solicitor
6

7 │                                           DANIEL CHASEK,
                                              Associate Regional Solicitor
8

9 │                                           _____/s/_____
                                              BORIS ORLOV, Attorney
10 │                                          Attorneys for the Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INQUIRING ABOUT THE SOCIAL SECURITY NUMBERS OF NON-PARTY EMPLOYEE WITNESSES**

**5 of 5**

# EXHIBIT 1

From:FELAHY & ASSO                    15624992124                01/06/2010 17:41        #298 P.002/004

1  Allen B. Felahy, Esq, SBN 190177
   Oscar Ramirez, Esq, SBN 236768
2  Boris Sorsher. Esq. SBN 251718
   FELAHY & ASSOCIATES
3  One World Trade Center, Suite 2350
   Long Beach, CA 90831
4  (562) 499-2121 tel.
   (562) 499-2124 fax
5
   Attorneys for *Defendants*,
6  Best Miracle Corporation, Thuy Thi Le, and Toan Van Nguyen
7
8
                  UNITED STATES DISTRICT COURT
9
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11

12  HILDA L. SOLIS., Secretary of          CASE NO. 08-cv-00998-CJC-MLG
    Labor, United States Department
13  of Labor

14                        Plaintiff,

15           vs.                           JOINT STIPULATION OF PARTIES
                                           CONCERNING THE ADMISSIBILITY
16  BEST MIRACLE                           AND USE OF CERTAIN EVIDENCE
    CORPORATION, a                         AND THE DESIGNATION OF
17  California corporation; THUY THI       EXPERT WITNESSES AT THE TIME
    LE, an individual; and TOAN           OF TRIAL
18  VAN NGUYEN, an individual

19

20                        Defendants.

21

22

23       IT IS HEREBY STIPULATED and agreed by and between Plaintiff, Hilda L. Solis,

24  Secretary of Labor, United States Department of Labor (hereafter Plaintiff), and Defendants Best

25  Miracle Corporation, Thuy Thi Le and Toan Van Nguyen (collectively "Defendants"), acting

26  through their respective counsel of record herein, as follows:

27

28
   ────────────────────────────────────────────────
                              - Page 1 -
      JOINT STIPULATION OF THE PARTIES CONCERNING THE ADMISSIBILITY OF CERTAIN
    EVIDENCE AND THE DESIGNATION OF CERTAIN EXPERT WITNESSES AT THE TIME OF TRIAL

1.    At the time of trial, Plaintiff, its counsel and agents, will refrain from referring to Defendants, either collectively or individually, as the owners or operators of a sweatshop.

2.    At the time of trial, neither Plaintiff nor Defendants will produce to each other or introduce into evidence or offer for any other purpose any: witness, investigator or employee declarations, affidavits, statements, or notes, which were not produced before the date of the execution of this Stipulation. (For the purposes of this section the term "produced" shall mean all documents 1) exchanged between the parties during discovery; 2) attached as exhibits to the motion or opposition to the motion for summary adjudication (all exhibits filed under seal are explicitly excluded from this definition)).

3.    At the time of trial, Plaintiff will not call any expert witnesses nor will she attempt to qualify any of her investigators or any of her other witness as experts in any field.

4.    At the time of trial, neither Plaintiff nor Defendants will produce to each other or introduce into evidence or offer for any other purpose or question any witness about: an employee's immigration status, the immigration status of family members and any other matters related to or which could lead to information about their immigration status, country of origin, including but not limited to their dates of arrival in the United States; whether they hold a passport of any country; whether they hold a valid "green card;" and whether they ever obtained false working papers for themselves or for others.

This stipulation shall be incorporated into the Final Pretrial Order along with other stipulation that may be reached by the parties.

---

- Page 2 -
JOINT STIPULATION OF THE PARTIES CONCERNING THE ADMISSIBILITY OF CERTAIN EVIDENCE AND THE DESIGNATION OF CERTAIN EXPERT WITNESSES AT THE TIME OF TRIAL

Dated: January 6, 2009

DEBORAH GREENFIELD,

Acting Deputy Solicitor

LAWRENCE BREWSTER

Regional Solicitor

DANIEL J. CHASEK

Associate Regional Solicitor

BORIS ORLOV, Trial Attorney

Attorneys for the Plaintiff

DATED: January 5, 2009

FELAHY & ASSOCIATES

Boris Sorsher, Esq.

Attorneys for Defendants

Best Miracle Corporation,

Thuy Thi Le, and

Toan Van Nguyen

JOINT STIPULATION OF THE PARTIES CONCERNING THE ADMISSIBILITY OF CERTAIN
EVIDENCE AND THE DESIGNATION OF CERTAIN EXPERT WITNESSES AT THE TIME OF TRIAL